### BAKERIES LOCATED IN CELLARS.

Circuit Court of Hamilton County.

JOSEPH BERNHARDT v. EDWARD WISE, CONSTABLE. *

Decided, July 20, 1912.

*Construction of the Statute Relating to Bakeries Located in Basements or Cellars—Habeas Corpus Not the Remedy for One Arrested Thereunder—Section 1012 P. & A. Onno. G. C.*

1. There should be read into the present statute relating to bakeries the exception of the original statute as to bakeries then located in basements and cellars.
2. Inasmuch as one arrested for maintaining a bakery in a basement or cellar has, under this construction of the statute, a complete defense, habeas corpus will not lie to secure his release.

---

* For opinion below in the same case, holding the present act to be a reasonable exercise of the police power of the state and thererore constitutional, see 12 N.P.(N.S.), 545.

*Powel Crosley* and *John C. Rogers,* for plaintiff in error.
*John A. Deasy,* contra.

SMITH, P. J.; SWING, J., and JONES, J., concur.

We are of the opinion that provisions of the law passed in 1896 (92 O. L., p. 393), which excepted from its provisions bakeries then used in basements and cellars, should be read with the provisions of Section 1012 of the General Code, and the same section of the Revised Statutes.

If we are correct in this, and we limit our judgment to this, the justice of the peace had jurisdiction to issue his warrant and cause the arrest of the plaintiff, and habeas corpus is not the remedy in which plaintiff can try his right, for he has a complete defense, which alone can be shown on the trial, that he does not come under the provisions of the law. Habeas corpus is available only where the court has no jurisdiction to cause the arrest and detention, and is not the form of action in which to try the guilt or innocence of the party.

In this view of the matter the court below did right in dismissing plaintiff's petition and said judgment should be affirmed.